IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Shirley L. Connor,

      Plaintiff,

    v.                        Case No. 2:15-cv-2424

Commissioner of
Social Security,

      Defendant.

ORDER

    Plaintiff Shirley L. Connor brings this action under 42 U.S.C. §§ 405(g) for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for supplemental security income.  In his February 28, 2014, decision, the administrative law judge ("ALJ") found that plaintiff had severe impairments consisting of low back disorder, diabetes mellitus, fibromyalgia, hypertension, chronic pain disorder, obesity, affective disorder, and a substance abuse disorder in remission .  PAGEID 64.  The ALJ concluded that plaintiff has the residual functional capacity ("RFC") to perform work with specified physical restrictions, and with the following mental restrictions: no more than occasional interaction with supervisors, coworkers, and the public, and no more than simple, routine, repetitive tasks with a pace and stress tolerance that allows for no production quotas.  PAGEID 67.  The ALJ concluded that plaintiff was capable of performing jobs existing in significant numbers in the national economy, and that she is not disabled.  PAGEID 71-73.  Plaintiff filed a statement of errors raising issues relating to the ALJ's consideration of the mental health opinions of record.  This matter

is before the court for consideration of plaintiff's August 23, 2016, objections to the July 28, 2016, report and recommendation of the magistrate judge, recommending that the decision of the Commissioner be affirmed.

## I. Standard of Review

If a party objects within the allotted time to a report and recommendation, the court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also*, 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive."). Even if supported by substantial evidence, however, "'a decision of the Commissioner will not be upheld where the [Commissioner] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

II. Plaintiff's Objections

A. ALJ's Failure to Recognize Dr. Griffith as a Treating Source

Plaintiff argues that the ALJ erred in failing to recognize Dr. Linda J. Griffith, M.D., a psychiatrist, as a treating source. This objection concerns a mental status questionnaire completed on January 7, 2013, by Physician Assistant Tracy Detwiler, PA-C. PAGEID 974-976.  At the bottom of the form, a note states: "The program requires that a psychologist or physician must have reviewed and signed the Mental Status Evaluation."  PAGEID 976. The form is signed at the bottom by Dr. Griffith.

The court agrees with the conclusion of the magistrate judge that the record fails to establish that Dr. Griffith was plaintiff's treating physician.  A treating source is defined as "your own physician, psychologist, or other acceptable medical source who provides you, or has provided you, with medical treatment or evaluation and who has, or has had, an ongoing treatment relationship with you."  20 C.F.R. §416.902.  That regulation further states,

> Generally, we will consider that you have an ongoing treatment relationship with an acceptable medical source when the medical evidence establishes that you see, or have seen the source with such a frequency consistent with accepted medical practice for that type of treatment and/or evaluation required for your medical condition.

§416.902.

The record includes no treatment notes from Dr. Griffith. There is no evidence that she ever personally saw or evaluated plaintiff for treatment purposes.  The mere fact that she may have had access to plaintiff's treatment records as managing psychiatrist for Consolidated Care, the facility plaintiff went to

for mental health counseling, does not establish that she was familiar with plaintiff's treatment records when she signed the form.  The ALJ did not err in failing to consider this evaluation as the opinion of a treating physician.  *See Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir. 2007)(doctor who saw claimant once and prepared a physical capacity evaluation form was not a treating physician); *Doyal v. Barnhart*, 331 F.3d 758, 764 (10th Cir. 2003)(ALJ not required to give doctor's opinion controlling weight or give reasons for not doing so where doctor saw claimant twice in seven years and completed a report solely to support claimant's disability).

Plaintiff argues that even if Dr. Griffith was not plaintiff's treating physician, the ALJ should have considered her opinion. The record shows that Dr. Griffith signed an evaluation form completed by her physician assistant, but made no additional notes or comments.  There is no evidence that Dr. Griffith's signature was anything other than an administrative act.  The ALJ did consider the evaluation form and explained his reasons for the weight given to the various findings on that form.  The same observations made by the ALJ concerning the evaluation would apply if it were construed as being the opinion of Dr. Griffith.  Even if the ALJ erred in failing to specifically discuss the evaluation as being Dr. Griffith's opinion, he provided sufficient reasons for the weight he gave the evaluation to permit adequate review by this court, and any error in that regard was harmless.

Plaintiff also notes that Todd Finnerty, Psy.D., a reviewing state psychologist, and Eli Perencevich, D.O., a reviewing state physician, stated in their report of January 28, 2013, that Dr.

Griffith was a treating source.  PAGEID 121-129.  However, ALJs are not bound by findings made by state agency physicians and psychologists.  Soc. Sec. Rul. 96-6p, 1996 WL 374180 at *2 (Soc. Sec. Admin. July 2, 1996).  Although the ALJ gave significant weight to specified aspects of Dr. Finnerty's opinion, he never specifically agreed with his reference to Dr. Griffith as being a treating physician.  This objection is not well taken.

B. ALJ's Analysis of P.A. Detwiler's Opinion

Plaintiff argues that the ALJ erred in his consideration of the evaluation form completed by P.A. Detwiler.  Although the ALJ noted that this was an opinion from an "other source," he considered that opinion.  The ALJ rejected P.A. Detwiler's opinion that plaintiff would react poorly to routine tasks.  PAGEID 69.  However, he gave the opinion some weight insofar as it expressed concerns regarding plaintiff's pace, productivity, and stress tolerance by restricting plaintiff to simple, routine, repetitive tasks with no production quotas.  PAGEID 69.  The ALJ also acknowledged the social limitations expressed in the opinion by restricting plaintiff to work with no more than occasional interaction with supervisors, coworkers, and the public.  PAGEID 69.

As a physician's assistant, P.A. Detwiler is not an "acceptable medical source."  Rather, her opinion falls under the category of evidence from "other sources" as defined in 20 C.F.R. §§404.1513(d) and 416.913(d).  *See* SSR 06-3p, 2006 WL 2329939 at *2 (Soc. Sec. Admin. Aug. 9, 2006).  While the ALJ may use evidence from "other sources," such information "cannot establish the existence of a medically determinable impairment.  Instead, there

5

must be evidence from an 'acceptable medical source' for this purpose." SSR 06-3p, 2006 WL 2329939 at *2.  However, information from "other sources" "may provide insight into the severity of the impairment(s) and how it affects the individual's ability to function."  *Id.*

Because P.A. Detwiler is not an "acceptable medical source," the ALJ was not required to provide good reasons for the weight given to her opinion under §404.1527(d)(2).  *Mulkey v. Comm'r of Soc. Sec.*, No. 1:10-cv-466, 2011 WL 4528485 at *6 (W.D.Mich. June 14, 2011), *adopted* 2011 WL 4528479 (W.D.Mich. Sept. 29, 2011). Rather, the ALJ "generally should explain the weight given to opinions from these 'other sources,' or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning."  SSR 06-3p, 2006 WL 2329939 at *6.

The ALJ first stated that P.A. Detwiler's opinion that plaintiff "would react poorly to routine tasks" was given minimal weight because the form appeared to simply transcribe plaintiff's complaints.  PAGEID 69.  The ALJ did not err in rejecting this portion of the opinion as being based on plaintiff's subjective complaints which were not supported by objective medical evidence. *See Ferguson v. Comm'r of Soc. Sec.*, 628 F.3d 269, 273-74 (6th Cir. 2010).  The ALJ observed that plaintiff's treatment notes from Consolidated Care, which he referred to by exhibit number, and the assessment of the state agency psychologists established that plaintiff "has no more than moderate limitations in concentration, persistence and pace."  PAGEID 66.  The ALJ also stated that the evidence in the progress notes from Consolidated Care was

consistent with the restrictions included in plaintiff's RFC, and that the evidence failed to establish that she is unable to carry out short simple instructions to complete simple, repetitive, routine tasks in a low stress environment without production quotas.  PAGEID 69.

Plaintiff argues that the comment on the form that plaintiff would "react poorly to routine task[s]" bears no indication that P.A. Detwiler was simply recording a statement made by plaintiff. *See* PAGEID 975.  However, that comment was followed by the words "due to the above issues."  The preceding notations include comments that plaintiff "complains" of poor concentration and problems with long- and short-term memory and of a decreased ability to maintain attention, and that plaintiff "states" that she has an increase of anxiety when in social settings.  PAGEID 974-75. The ALJ's conclusion that P.A. Detwiler relied on plaintiff's complaints in completing the form was not unreasonable.

The ALJ was also justified in rejecting an opinion based on plaintiff's subjective complaints due to his finding that plaintiff's statements concerning the severity of her impairments lacked credibility.  An ALJ is not required to accept a claimant's subjective complaints and may properly consider the credibility of a claimant when making a determination of disability.  *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475-76 (6th Cir. 2003)(the ALJ may properly consider the credibility of a claimant when making a determination of disability, and the ALJ's credibility determinations are accorded great weight and deference); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 531 (6th Cir. 1997).  An ALJ may dismiss a claimant's allegations of disabling symptomatology as

7

implausible if the subjective allegations, the ALJ's personal observations, and the objective medical evidence contradict. *Tyra v. Sec'y of Health & Human Servs.*, 896 F.2d 1024, 1030 (6th Cir. 1990).

The ALJ found that plaintiff's claims concerning the severity of her impairments were not credible, and that "[t]here is very little objective medical evidence to support the degree of limitation alleged by the claimant." PAGEID 68. The ALJ observed that plaintiff's testimony concerning her limitations in daily activities was inconsistent with the December 2012 report of her Consolidated Care counselor that plaintiff had a good ability in sustainability, quality and effectiveness in the areas of food preparation, household chores, personal hygiene, shopping, driving and transportation, banking, bill paying and hobbies. PAGEID 68. The ALJ also considered information that plaintiff failed to appear for most of her treatment sessions. PAGEID 68. *See Lester v. Soc. Sec. Admin.*, 596 F.App'x 387, 389 (6th Cir. 2015)(it was reasonable for the ALJ to consider the level of treatment plaintiff required and received).

The court concludes that the ALJ adequately stated his reasons for the weight he assigned to the opinion of P.A. Detwiler, and that those reasons are supported by substantial evidence.

C. Weight Assigned to the Opinions of State Agency Reviewers.

Plaintiff argues that the ALJ's assignment of little weight to the opinion of P.A. Detwiler that plaintiff would react poorly to routine tasks conflicted with his giving significant weight to the opinion of Dr. Finnerty, the state agency reviewing psychologist.

Plaintiff notes that Dr. Finnerty's report stated that controlling weight was given to Dr. Griffith's opinion "as it is reflective of the totality of evidence."  PAGEID 129.  However, as noted previously, the ALJ was not bound by Dr. Finnerty's categorization of Dr. Griffith's opinion as being that of a treating physician or controlling, or by his statement that the opinion reflected the "totality of evidence."  Further, the ALJ did not state in his opinion that he was giving significant weight to the state agency psychologists' opinions in their entirety.  Rather, he stated that he was giving significant weight to their opinions: 1) that plaintiff would have moderate limitations in her ability to get along with coworkers, respond to supervision, and interact with the public; 2) that plaintiff would have moderate limitations in her ability to perform at a consistent pace and would be capable of sustaining a static set of tasks without fast pace; and 3) that plaintiff would have moderate limitations in her ability to adapt to changes in a work setting and that she may have increased pain when subject to stressors.  PAGEID 69; *see also* Dr. Finnerty's report at PAGEID 133.  The ALJ's rejection of P.A. Detwiler's opinion that plaintiff would react poorly to routine tasks was not inconsistent with his giving significant weight to the above portions of Dr. Finnerty's report.

III. Conclusion

For the reasons stated above, the court concludes that the Commissioner's non-disability finding is supported by substantial evidence.  The court overrules the plaintiff's objections (Doc. 21), and adopts and affirms the magistrate judge's report and recommendation (Doc. 20).  The decision of the Commissioner is

affirmed, and this action is dismissed.  The clerk is directed to enter final judgment in this case.


       It is so ordered.


Date: September 13, 2016               s/James L. Graham
                              James L. Graham
                              United States District Judge